■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HEISS, Appellant. [633 NYS2d 828] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered October 26, 1994, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

A branch of Fleet Bank mistakenly credited the account of one of the defendant's businesses with $38,592. The defendant withdrew the money and refused to return it even after being informed of the error, contending that he was expecting pay-

ment of substantially the same amount in a business deal. The defendant was then charged with and convicted of grand larceny in the third degree.

The court erred in admitting into evidence four civil judgments entered against the defendant and allowing the People to use them, pursuant to *People v Molineux* (168 NY 264), to show intent, motive, or lack of mistake. The judgments were not related to the alleged larceny and the defendant made no effort to use the money the bank mistakenly credited to repay the judgments *(cf., Matter of Brandon,* 55 NY2d 206; *People v Fenner,* 155 AD2d 946). The court's ruling allowing the People to use the judgments in its direct case, and the defendant's resulting attempts to explain the different circumstances underlying the judgments, diverted the jury's attention from determining whether the defendant was guilty of the charged offense based on relevant, material evidence. The error of allowing the People to use the judgments on their direct case was not ameliorated by the court's belated and insufficient supplemental instructions.

The court also erred in allowing the civil judgments to be used on cross-examination pursuant to *People v Sandoval* (34 NY2d 371). The civil judgments cannot be characterized as bad or immoral acts or acts involving moral turpitude that would allow them to be used to question the defendant's credibility *(see, People v Gray,* 84 NY2d 709; *People v Buggs,* 109 AD2d 1052; *People v Montlake,* 184 App Div 578).

Accordingly, a new trial is warranted. In light of this determination, we do not reach the defendant's remaining contentions. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.