■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS OYEBANJI, Appellant. [666 NYS2d 936] —Appeal by the defendant from (1) an amended judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered March 9, 1995, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the third degree under indictment No. 2456/91, and (2) a judgment of the same court rendered December 6, 1995, convicting him of criminal possession of a forged instrument in the second degree (four counts) and grand larceny in the third degree under indictment No. 857/95, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment and the judgment are affirmed.

The court's determination that the defendant had violated his probation was supported by a " 'preponderance of the evidence * * * which requires a residuum of competent legal evidence in the record' " (*People v Rennie*, 190 AD2d 830, quoting *People v Machia*, 96 AD2d 1113, 1114).

The defendant's contention that the court improperly resentenced him on the violation of probation because it lacked an updated presentence report is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Loper*, 215 AD2d 406).

The defendant's remaining contention is without merit. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.