■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME (JAMIE) CASTRO, Appellant. [690 NYS2d 619] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 8, 1998, convicting him of sexual abuse in the first degree, sexual abuse in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of sexual abuse in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant correctly contends that the court erred in admitting into evidence a sexually-explicit videotape recovered from his person upon his arrest. The admission into evidence of the videotape was not authorized by either the motive, intent, identity, absence of mistake, or accident exceptions to the *Molineux* rule (*see, People v Molineux,* 168 NY 264; *see also, People v Vargas,* 88 NY2d 856, 858; *People v Seaman,* 239 AD2d 681, 682; *People v Mercado,* 188 AD2d 941, 943; *People v Bagarozy,* 132 AD2d 225, 234-237). Nonetheless, any error in admitting the videotape was harmless (*see, People v San Roc Rests.,* 117 AD2d 760).

As the People correctly concede, the defendant's conviction of sexual abuse in the third degree must be reversed and that count of the indictment dismissed because that crime is an inclusory concurrent count of sexual abuse in the first degree (*see,* CPL 300.40 [3] [b]; *Matter of Rafiq W.,* 257 AD2d 419). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.