■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK PETTWAY, Appellant. [730 NYS2d 597] —Judgment unanimously affirmed. Memorandum: Supreme Court's determination that defendant violated the terms and conditions of his probation is supported by legally sufficient evidence. The People properly established that defendant violated the terms and conditions of his probation by a preponderance of the evidence, which requires a residuum of competent legal evidence in the record (*see, People v Oyebanji,* 246 AD2d 560, *lv denied* 91 NY2d 944; *People v Ramos,* 232 AD2d 433, *lv denied* 90 NY2d 909). Although hearsay evidence is admissible in probation violation proceedings (*see,* CPL 410.70 [3]; *People v Krzykowski,* 121 AD2d 831, 832), the People must present facts of a probative character, outside of the hearsay statements, to prove the violation (*see, People v Ramos, supra,* at 433-434; *People v Todd D.,* 100 AD2d 595). Here, the hearsay evidence that defendant violated his curfew on at least two occasions is supported by the testimony of defendant's probation officer that defendant paged her on those two occasions to explain his whereabouts after admitting to an on-call officer that he was not at home by 10:00 P.M., as required by the conditions of his probation. That testimony provided the requisite residuum of legal evidence sufficient to establish the violation. Additionally, the probation officer testified that defendant admitted to her that he had been dismissed from his GED program, establishing a violation of that condition of his probation.

The court did not abuse its discretion in sentencing defendant to prison rather than restoring him to probation supervision. Defendant had violated probation twice before this incident, demonstrating an unsatisfactory adjustment to probation. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Violation of Probation.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.