■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON A. TUCKER JR., Appellant. [738 NYS2d 710] —Rose, J.

Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered October 18, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree (two counts) and grand larceny in the fourth degree.

The charges against defendant alleged that he falsified an application and supporting documents for unemployment benefits, and then received benefits for a period during which he continued working. At trial, County Court permitted the People to introduce evidence of various money judgments previously entered against defendant and uncharged embezzlements from his employers. At the end of the People's direct case, defendant moved for a mistrial on the ground that such proof had prejudiced the jury. County Court denied the motion, and the jury thereafter found him guilty of all charges. Defendant now appeals.

Defendant contends that County Court erred in admitting evidence of the civil judgments to establish his financial motive. We agree. While evidence of a significant debt or civil judgment may be relevant to establish motive and intent (*see, People v Bent*, 160 AD2d 1176, 1177, *lv denied* 76 NY2d 937; *see also, People v Alvino*, 71 NY2d 233, 241-242), some relationship between the debt and the pending charge is required (*see, People v Heiss*, 221 AD2d 562, 563, *lv denied* 87 NY2d 1020). Here, the prosecutor asserted in her opening statement that the judgments against defendant were evidence that defendant "had a motive to steal money." Defendant objected that such evidence had no probative value because the grand larceny charge was based upon receipt of unemployment benefits and had no connection to the judgments. As the People made no showing that there was any immediate threat of enforcement of the judgments, that defendant used the crime's proceeds to pay them, or that there was any other relationship between the judgments and the charges against him, their admission into evidence was error (*see, People v Heiss, supra* at 563). Since the other evidence of defendant's intent is overwhelming, however, we deem this error to be harmless (*see, People v Crimmins*, 36 NY2d 230; *People v Stevens*, 140 AD2d 920, 923, *lvs denied* 72 NY2d 917, 925).

As for County Court's admission of evidence of defendant's uncharged embezzlement of his employers' funds, we find no error. In determining when proof of an uncharged crime may be admitted, the trial court must confirm that the evidence is probative of either an element of a charged crime or an issue

material to the prosecution's case (*see, People v Ventimiglia*, 52 NY2d 350, 359-360). The probative value of such evidence must then outweigh its potential prejudice and do more than merely demonstrate a person's propensity toward crime (*see, id.* at 359-360).

Here, defendant's counsel, in his opening statement and then on cross-examination, opened the door to admission of the embezzlement by suggesting that the employers' sole motive for testifying against defendant was to blame him for the failure of their business (*see, People v Rojas*, 97 NY2d 32, 34, 38). Defendant's counsel also claimed that defendant had no motive to continue working after he began receiving unemployment benefits because he was not paid for the alleged work. In response to these defense theories, the testimony of the People's witnesses established that defendant's stealing from his employers adversely affected their business and explained why he continued to work without being paid. Under the circumstances, this evidence was probative and not outweighed by the potential prejudice (*see, People v Toland*, 284 AD2d 798, 804-805, *lv denied* 96 NY2d 942; *People v Cilberg*, 255 AD2d 698, 700, *lv denied* 93 NY2d 968; *People v Johnson*, 233 AD2d 761, 763, *lv denied* 89 NY2d 1012). Defendant's contention that County Court failed to give limiting instructions to the jury regarding this evidence is unpreserved for our review due to defendant's failure to either request such instructions or object to their omission (*see,* CPL 470.05 [2]; *People v Bayne*, 82 NY2d 673, 676; *People v Jordan*, 193 AD2d 890, 893, *lv denied* 82 NY2d 756).

Defendant also failed to preserve the issue of whether County Court erred in instructing the jury that the request for employment and wage data form completed by defendant was, as a matter of law, a written instrument officially issued or created by a public office (*see, People v Prato*, 143 AD2d 205, 206, *lv denied* 72 NY2d 1049). Were we to consider the issue, we would find any error to be harmless since the jury necessarily concluded, in finding defendant guilty of offering a false instrument for filing in the first degree, that defendant filed the request for wage data and employment form with a "public office" (*see,* Penal Law § 170.10 [2]; *People v Ribowsky*, 77 NY2d 284, 292).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.