■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS W. YOUNG, Appellant. [786 NYS2d 238]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 26, 1998 in Greene County, upon a verdict convicting defendant of the crimes of criminally negligent homicide and aggravated unlicensed operation of a motor vehicle in the second degree.

In the early morning hours of February 2, 1997, after drink-

ing at a bar, defendant and three companions left in a four-wheel-drive vehicle then being driven by Donna Gennarelli. When the vehicle became stuck in a snow bank, defendant got behind the wheel and drove it back onto the road. He then continued to drive, despite the protests of others in the car. Tragically, he lost control of the vehicle on a turn, drove off the roadway and struck a tree, killing Gennarelli and injuring another passenger, Thomas Lampman.

Defendant was charged in a four-count indictment with vehicular manslaughter in the first degree, driving while intoxicated, vehicular assault in the first degree and aggravated unlicensed operation of a motor vehicle in the first degree. A jury acquitted defendant of those charges, but found him guilty of the lesser included offenses of criminally negligent homicide and aggravated unlicensed operation of a motor vehicle in the second degree. Supreme Court sentenced him to a prison term of 1⅓ to 4 years for criminally negligent homicide and a concurrent term of 180 days for aggravated unlicensed operation of a motor vehicle. Defendant appeals.

Initially, defendant contends that the evidence was legally insufficient to establish the recklessness necessary to support a conviction of criminally negligent homicide. We cannot agree. Although defendant was acquitted on all charges involving intoxication or impairment, there is evidence that he consumed alcohol prior to the accident, he was driving at an excessive speed, he was made aware of his recklessness and he knew that his driver's license was revoked. Lampman testified that, because he believed that defendant was intoxicated and driving too fast, he told defendant to slow down. Another passenger testified that, shortly before the accident, he told defendant that defendant should not be driving because he thought that defendant was drunk. There was a heated argument in the vehicle and, when Gennarelli then told defendant to pull over and let her drive, defendant smacked her on the leg and immediately thereafter he lost control of the vehicle. The testimony of an accident reconstruction expert established that yaw marks on the roadway indicated that defendant had been traveling too fast when he attempted to make the turn. Also, as Supreme Court aptly noted in denying defendant's motion to set aside the verdict, there was no evidence of skidmarks or any other evasive action taken by defendant to avoid the crash.

We are satisfied that this evidence of the manner of defendant's driving and his culpable mental state is sufficient to establish that he either ignored or failed to perceive that his operation of the motor vehicle created a substantial and unjustifiable

risk of death, which failure constituted a gross deviation from the standard of care that a reasonable person would have observed under those circumstances (*see* Penal Law § 15.05 [4]; *cf. People v Boutin,* 75 NY2d 692, 696 [1990]). Thus, the jury's determination that defendant's conduct constituted criminal negligence is supported by legally sufficient evidence, despite its verdict that he was not proven to be driving under the influence of alcohol (*see People v Hess,* 140 AD2d 895, 896 [1988], *lv denied* 72 NY2d 957 [1988]; *see also People v Rooney,* 57 NY2d 822, 823 [1982]). Moreover, viewing the evidence in a neutral light, but according due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley,* 69 NY2d 490, 495 [1987]), we conclude that the verdict was not against the weight of the evidence.

Nor did Supreme Court abuse its discretion in its *Sandoval* ruling. In our view, the court's *Sandoval* compromise appropriately allowed the People to question defendant about four prior convictions while prohibiting any inquiry as to the nature of or facts underlying those convictions and also excluding all references to four earlier convictions found to be too remote (*see People v Hayes,* 97 NY2d 203, 207 [2002]; *People v Jackson,* 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]).

Finally, we find defendant's challenge to the severity of his sentence to be moot inasmuch as the record indicates that he was released in May 2002 after serving his sentence (*see People v Contrano,* 274 AD2d 760, 761 [2000]; *People v Durham,* 248 AD2d 820, 823 [1998], *lv denied* 91 NY2d 972 [1998]). In any event, were we to consider the issue, we would conclude that defendant failed to establish an abuse of discretion or extraordinary circumstances that would merit modification of his sentence, particularly in light of his extensive criminal history (*see People v Muir,* 3 AD3d 597, 599 [2004], *lv denied* 1 NY3d 631 [2004]; *People v Ciarleglio,* 299 AD2d 571, 572 [2002]).

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.