██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J.F., Appellant. [788 NYS2d 910]—

Appeal from an adjudication of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 28, 2003. The adjudication revoked defendant's probation and sentenced defendant to a term of incarceration.

It is hereby ordered that the adjudication so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from an adjudication revoking his probation and sentencing him to a term of incarceration, defendant contends that the evidence is legally insufficient to support County Court's finding that he violated the terms and conditions of his probation. We reject that contention. The People properly presented the requisite "residuum of competent legal evidence" and thus met their burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation (*People v Pettway*, 286 AD2d 865, 865 [2001], *lv denied* 97 NY2d 686 [2001]; *see People v Oyebanji*, 246 AD2d 560 [1998], *lv denied* 91 NY2d 944 [1998]). "Although hearsay evidence is admissible in probation violation proceedings . . ., the People must present facts of a probative character, outside of the hearsay statements, to prove the violation" (*Pettway*, 286 AD2d at 865; *see People v Ramos*, 232 AD2d 433 [1996], *lv denied* 90 NY2d 909 [1997]). Here, contrary to the contention of defendant, the testimony of his senior counselor at Horizon Health Services provided the requisite nonhearsay evidence establishing that he failed to comply with "all rules and requirements" of his sex offender treatment program in accordance with the terms and conditions of his probation (*see generally Pettway*, 286 AD2d 865 [2001]; *Ramos*, 232 AD2d at 433-434). We also reject the contention of defendant that he did not receive effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.