■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENIECE EDMUNDS, Appellant. [799 NYS2d 338]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered October 14, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree.

The sole count of the indictment in this case charged defendant with a violation of Penal Law § 170.25 in that, with intent to defraud, deceive or injure another, she possessed a forged instrument purporting to be a New Jersey automobile operator's license. The license was turned over to a state police investigator during his investigation of a bogus check-cashing scheme. Four of the six checks involved were made payable to Nicole Linton. When interviewed, Linton denied any involvement with the checks and handwriting exemplars confirmed that it was not her signature on the bogus checks. Also, Linton described discovering that defendant possessed a number of New Jersey driver's licenses, all in different names but bearing defendant's photograph. Linton obtained one license in her name from defendant, kept it and turned it over to the investigator, although it had been cut in half. When interviewed by the State Police in November 2002, defendant gave a written statement admitting possession of this fake New Jersey driver's license to be used in a bogus check cashing scheme, although she denied doing so. Following a jury trial, defendant was convicted and sentenced as a second felony offender to 3 to 6 years in prison. Defendant appeals, and we affirm.

Initially, we reject defendant's argument that she was denied a fair trial because Supreme Court allowed into evidence the six bogus checks, testimony regarding Linton's observation of other fake New Jersey driver's licenses in defendant's possession and testimony regarding an uncharged assault perpetrated by defendant. Defendant asserts that this evidence of uncharged crimes allegedly committed by defendant had little or no probative value and was unduly prejudicial to defendant. We have previously held that "[i]n determining when proof of an uncharged crime may be admitted, the trial court must confirm that the

evidence is probative of either an element of a charged crime or an issue material to the prosecution's case [and] [t]he probative value of such evidence must then outweigh its potential prejudice and do more than merely demonstrate a person's propensity toward crime" (*People v Tucker*, 291 AD2d 663, 664-665 [2002], *lv denied* 98 NY2d 703 [2002] [citations omitted]; *see People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]). Here, the evidence of the checks and additional false New Jersey driver's licenses was admissible as inextricably interwoven with the crime charged in the indictment. Notably, the bogus checks commenced the investigation which led directly to defendant. Also, this evidence was not offered to establish criminal propensity on the part of defendant, but to establish defendant's intent to deceive by participating in the bogus check-cashing scheme and to negate an innocent state of mind (*see People v Aiken*, 293 AD2d 623, 623 [2002], *lv denied* 98 NY2d 672 [2002]). We further note that this evidence was corroborative of portions of defendant's written statement as it relates to the elements of the crime charged in the indictment and is not unduly prejudicial since it demonstrates more than a simple propensity toward crime (*see People v Tucker, supra* at 664-665). Moreover, when the foregoing evidence was received, Supreme Court gave limiting instructions to the jury, adequately tempering any prejudice to defendant.

The evidence that defendant had committed an assault was not a subject of the *Ventimiglia* hearing and was not brought out by the People on their direct case, but came in as a direct result of inquiries made on cross-examination by defendant, thus opening the door to the receipt of such evidence. Although unpersuaded that receipt of this evidence constitutes error, we note that even if error were conceded, it would be harmless in light of the overwhelming evidence of guilt and it did not deprive defendant of a fair trial (*see People v Castro*, 261 AD2d 553, 554 [1999], *lv denied* 93 NY2d 1015 [1999]).

Upon thorough consideration of defendant's remaining arguments, we find each to be without merit. By application of the now familiar standards (*see People v Cabey*, 85 NY2d 417, 420-421 [1995]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Black*, 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]), we cannot find that there was legally insufficient evidence to support the verdict nor can we find the verdict to be against the weight of the evidence (*see People v Bleakley, supra* at 495-496; *People v Long*, 307 AD2d 647, 649 [2003]). Application of similarly familiar standards (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]; *People v Satterfield*, 66 NY2d 796,

798-800 [1985]) results in the conclusion that defendant's trial counsel was not ineffective. Defendant's challenge to the expanded jury charge on intent—made at her request—is unpreserved for our review as defendant made no objection to the charge (*see People v Morris*, 245 AD2d 954, 956 [1997], *lv denied* 91 NY2d 928 [1998]). Lastly, defendant's present claim that the sentence was harsh and excessive is moot as defendant was released in July 2004 (*see People v Young*, 13 AD3d 716, 718 [2004]; *People v Contrano*, 274 AD2d 760, 761 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.