■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. LESSON, Appellant. [820 NYS2d 821]—Kane, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered September 6, 2005, which revoked defendant's probation and imposed a sentence of incarceration.

Following his June 2001 conviction for attempted burglary in the third degree, defendant was sentenced to five years of probation. He thereafter admitted to violating a condition of his probation and, as a result, had the probation revoked and was resentenced to one year in jail. Defendant now appeals.

Inasmuch as defendant was released from jail in April 2006, his challenge to the finding of a probation violation has been rendered moot (*see People v Contrano*, 274 AD2d 760, 760-761 [2000]; *People v Hamilton*, 214 AD2d 783, 783 [1995]), as has his claim that his resentence was harsh and excessive (*see People v Edmunds*, 21 AD3d 578, 581 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Young*, 13 AD3d 716, 718 [2004]). Accordingly, this appeal is dismissed.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. LA VALLEY, Appellant. [820 NYS2d 821]—Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered May 2, 2005, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Defendant waived his right to appeal both orally and in writing and pleaded guilty to rape in the third degree. Defendant was sentenced as a second felony offender to $1\frac{1}{2}$ to 3 years in prison, the minimum permissible sentence (*see* Penal Law § 70.06 [3] [e]). On appeal, counsel for defendant seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record, appellate counsel's brief and defendant's pro se submission, we agree. The judgment is, accordingly, affirmed and the application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mercure, J.P., Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.