■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO POMALES, Appellant. [828 NYS2d 828]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered March 18, 2005. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking his sentence of probation and imposing a sentence of incarceration. Contrary to defendant's contention, the determination that defendant violated the terms and conditions of his probation is supported by a preponderance of the evidence (*see People v Oyebanji,* 246 AD2d 560 [1998], *lv denied* 91 NY2d 944 [1998]), including a residuum of competent legal evidence presented by defendant through his own testimony (*see People v Michael J.F.,* 15 AD3d 952, 953 [2005]; *see also People v Bridges,* 294 AD2d 913 [2002]). Defendant failed to preserve for our review his further contention that Supreme Court improperly sentenced him without first ordering an updated presentence report (*see* CPL 470.05 [2]; *Oyebanji,* 246 AD2d 560 [1998]). In any event, the record demonstrates that the court received an updated report from the Probation Department, as acknowledged by defense counsel. Thus, the court was fully aware of any changes in defendant's status and conduct since the original report was prepared (*see People v Schalk,* 198 AD2d 915 [1993], *lv denied*

82 NY2d 930 [1994]; *People v Wilkinson*, 197 AD2d 872 [1993], *lv denied* 82 NY2d 854 [1993]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.