THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER J. KURAS, Appellant. (Appeal No. 1.) [852 NYS2d 907]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, grand larceny in the third degree (Penal Law § 155.35) and, in appeal No. 2, he appeals from a judgment revoking the sentence of probation imposed in connection with another judgment of conviction and imposing a sentence of incarceration. Addressing first the contention of defendant with respect to appeal No. 2, we conclude that the People, by presenting the testimony of defendant's probation officer that she observed defendant plead guilty to a charge of criminal mischief while on probation, presented "the requisite 'residuum of competent legal evidence' " (*People v Michael J.F.*, 15 AD3d 952, 953 [2005]). Defendant presented no evidence, and we conclude that the People met

their burden of establishing by a preponderance of the evidence that he violated the terms and conditions of his probation (*see People v Pomales*, 37 AD3d 1098 [2007], *lv denied* 8 NY3d 949 [2007]).

With respect to appeal No. 1, defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that his plea was not knowingly and voluntarily entered (*see People v Peterson*, 35 AD3d 1195 [2006], *lv denied* 8 NY3d 926 [2007]). Even assuming, arguendo, that this is one of those rare cases in which preservation of defendant's contention is not required (*see People v Lopez*, 71 NY2d 662, 666 [1988]), we conclude that County Court conducted a sufficient inquiry to ensure that the plea was knowingly and voluntarily entered (*see id.*; *People v Greer*, 277 AD2d 1051 [2000], *lv denied* 96 NY2d 829 [2001]). Finally, to the extent that defendant challenges the resentences after it was determined he was ineligible for shock incarceration, that challenge is not properly before us because defendant did not take an appeal from the resentences. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.