■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. WAGNER, Appellant. [875 NYS2d 403]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered April 4, 2005. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of rape in the second degree (Penal Law former § 130.30) and rape in the third degree (§ 130.25 [2]) and sentencing him to a term of incarceration. We reject the contention of defendant that County Court violated his due process rights in determining that he had violated the conditions of his probation. At the violation hearing, the People presented the testimony of defendant's counselor in the sex offender treatment program establishing that defendant violated the program's rules when he minimized and justified the acts underlying the conviction, blamed the victim for his commission of those acts and thereby denied responsibility for his actions, and denied that he had harmed the victim. "[C]ontrary to the contention of defendant, the testimony of his . . . counselor . . . provided the requisite nonhearsay evidence establishing that he failed to comply with 'all rules and requirements' of his sex offender treatment program in accordance with the terms and conditions of his probation" (*People v Michael J.F.*, 15 AD3d 952, 953 [2005]). The People thereby established that defendant was properly discharged from the sex offender treatment program, and thus met their burden of establishing by a preponderance of the evidence that defendant violated the conditions of his probation (*see generally People v Bergman*, 56 AD3d 1225 [2008]).

The further contention of defendant that the requirements of the sex offender treatment program violated his right against self-incrimination is without merit. "[D]efendant has already

been prosecuted for the offenses that he claims he is being required to admit, and is therefore protected by the double jeopardy clause from further prosecution" for those offenses (*People v Palladino*, 46 AD3d 864, 865-866 [2007], *lv denied* 10 NY3d 704 [2008]). Finally, the sentence imposed upon the violation of probation is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ. [*See* 6 Misc 3d 1034(A), 2005 NY Slip Op 50297(U).]