# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1120

KA 15-02133

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY J. PARIS, III, DEFENDANT-APPELLANT.

---

ANTHONY J. CERVI, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (JULIE B. FISKE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered November 12, 2015. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the declaration of delinquency is vacated, and the sentence of probation is reinstated.

Memorandum: On appeal from a judgment revoking his sentence of probation imposed upon his conviction of strangulation in the second degree (Penal Law § 121.12) and imposing a sentence of incarceration, defendant contends that the People failed to meet their burden of establishing that he violated a condition of his probation. We agree.

"The People have the burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation" (*People v Dettelis*, 137 AD3d 1722, 1722; *see* CPL 410.70 [3]). "Although hearsay evidence is admissible in probation violation proceedings . . . , the People must present facts of a probative character, outside of the hearsay statements, to prove the violation" (*People v Pettway*, 286 AD2d 865, 865, *lv dismissed* 97 NY2d 686; *see People v Owens*, 258 AD2d 901, 901, *lv denied* 93 NY2d 975). Contrary to the People's contention, the only evidence adduced at the hearing that defendant had violated the condition that he successfully complete treatment at an out-of-town residential substance abuse program was the hearsay statement of a counselor to defendant's probation officer that defendant was not compliant with his treatment and had been unsuccessfully discharged from the program (*see People v DeMoney*, 55 AD3d 953, 954; *Owens*, 258 AD2d at 901; *cf. People v Michael J.F.*, 15 AD3d 952, 953). We thus conclude that Supreme Court's finding that defendant violated the subject condition of his probation is not supported by a preponderance of the evidence (*see* CPL

410.70 [3]).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court