■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WIGGINS, Appellant. [58 NYS3d 781]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), entered February 24, 2011. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment revoking his sentence of probation imposed upon his conviction of robbery in the third degree (Penal Law § 160.05) and criminal contempt in the first degree (§ 215.51 [b] [v]) and imposing a sentence of incarceration, defendant contends that Supreme Court erred in finding that he violated the conditions of his probation. We reject that contention.

Preliminarily, the People contend that defendant's appeal is rendered moot by the expiration of the maximum term of his sentence. We reject that contention, and note our disagreement with the Third Department on this issue (*see e.g. People v Lesson*, 32 AD3d 1083, 1083 [2006]; *People v Hamilton*, 214 AD2d 783, 783 [1995]). Defendant challenges the determination that he violated the conditions of his probation, and does not challenge the legality or severity of his sentence (*cf. People v Parente*, 4 AD3d 793, 794 [2004]; *People v Griffin*, 239 AD2d 936, 936 [1997]; *People v Meli*, 142 AD2d 938, 939 [1988], *lv denied* 72 NY2d 921 [1988]). A determination that defendant has violated the conditions of his probation is "a continuing blot on [his] record" with potential future consequences (*Matter of Williams v Cornelius*, 76 NY2d 542, 546 [1990]). Indeed, it will impact future sentencing determinations (*see People v Newton*, 24 AD3d 1287, 1288 [2005], *lv denied* 6 NY3d 836 [2006]; *People v Tucker*, 272 AD2d 992, 992 [2000], *lv denied* 95 NY2d 872 [2000]), including whether defendant is eligible for a subsequent probationary sentence (*see People v Gassner*, 118 AD3d 1221, 1221-1222 [2014], *lv denied* 23 NY3d 1062 [2014]). We thus conclude that defendant's appeal is not moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

Nonetheless, we reject defendant's contention on the merits.

"The People have the burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation" (*People v Dettelis*, 137 AD3d 1722, 1722 [2016]). " 'Although hearsay evidence is admissible in probation violation proceedings . . . , the People must present facts of a probative character, outside of the hearsay statements, to prove the violation' " (*People v Paris*, 145 AD3d 1530, 1531 [2016]). Contrary to defendant's contention, the testimony of his probation officer regarding defendant's admissions is not hearsay, and it is sufficient to establish a violation of probation (*see People v Holland*, 95 AD3d 1504, 1505 [2012], *lv denied* 19 NY3d 974 [2012]; *People v Pettway*, 286 AD2d 865, 865 [2001], *lv denied* 97 NY2d 686 [2001]; *see also People v Perna*, 74 AD3d 1807, 1807-1808 [2010], *lv denied* 17 NY3d 716 [2011]). Defendant's probation officer testified that defendant admitted that he was arrested for possession of marihuana and that he had smoked marihuana. The probation officer confirmed that defendant's conduct "violate[d] the [probation] condition that prohibit[ed the] use of any mood altering substance, and it also violate[d] the condition that require[d] law abiding behavior." We thus conclude that the court properly determined that the People demonstrated by a preponderance of the evidence that defendant had possessed and used marihuana in violation of the conditions of his probation (*see People v Wheeler*, 99 AD3d 1168, 1173 [2012], *lv denied* 20 NY3d 989 [2012]; *Pettway*, 286 AD2d at 865). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.