People v Hubel (2018 NY Slip Op 01154)





People v Hubel


2018 NY Slip Op 01154


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


1397/10 5610A

[*1] The People of the State of New York, Respondent,
v
Tamaz Hubel, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.



Judgment of resentence, Supreme Court, New York County (James M. Burke, J.), rendered September 8, 2016, convicting defendant of violation of probation, revoking a prior sentence of 60 days and five years' probation imposed on June 7, 2011, and resentencing defendant to a term of 2&frac13; to 7 years, unanimously reversed, on the law, the judgment vacated, and defendant's sentence of probation reinstated. Appeal from order, same court and Justice, entered on or about June 14, 2017, which denied defendant's CPL 440.10 motion (denominated a CPL 440.20 motion) alleging ineffective assistance of counsel at sentencing, unanimously dismissed, as academic.
A finding, by a preponderance of the evidence, that a defendant has violated a condition of probation (see CPL 410.70[3]) may not be based on hearsay evidence alone (see People v Pettway , 286 AD2d 865 [4th Dept 2001], lv denied 97 NY2d 686 [2001]). Here, on several occasions during the probation revocation hearing, the court indicated that its determination that defendant had violated probation by traveling outside the jurisdiction without permission, and by failing to lead a law abiding life, was based solely on the grand jury minutes related to his 2012 indictment (which was dismissed for lack of jurisdiction and did not result in a conviction)[FN1]. One of these statements, in which the court stated that "the government prevailed by the properly unsealed and complete [g]rand [j]ury minutes," occurred directly after defense counsel explicitly argued that the court could not base a finding of a violation solely on the grand jury minutes, which constituted hearsay.
Based on this record, regardless of whether there was other evidence in the record that might have satisfied the requirement for "a residuum of competent legal evidence" (People v [*2]Machia , 96 AD2d 1113, 1114 [3d Dept 1983]), we are compelled to find that the court's determination was based on hearsay alone and therefore cannot stand.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK



Footnotes

Footnote 1:The Court made no mention of and there was no discussion of defendant's failure to make restitution, which also was a condition of his probation.