People v Freeman (2019 NY Slip Op 01037)





People v Freeman


2019 NY Slip Op 01037


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1340 KA 13-01612

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMONT FREEMAN, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), entered June 14, 2013. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) upon a determination that he violated the terms and conditions of his probation.
At the outset, we note that, although defendant has served his sentence and the maximum expiration date of his period of postrelease supervision has passed, a "determination that defendant has violated the conditions of his probation is a continuing blot on [his] record' with potential future consequences" (People v Wiggins, 151 AD3d 1859, 1859 [4th Dept 2017], lv denied 30 NY3d 954 [2017], quoting Matter of Williams v Cornelius, 76 NY2d 542, 546 [1990]). Thus, contrary to the People's contention, the instant appeal is not moot.
Defendant contends that Supreme Court erred in concluding that he violated the conditions of his probation by using marihuana, failing to obtain employment or enroll in school, and failing to report police contact to his probation officer inasmuch as those violations are de minimis. However, "[a]t no time during the probation revocation proceedings did defendant raise any challenge to the allegedly de minimis' nature of the violation[s] or raise any due process challenge to the proceeding" (People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]). Thus, defendant's contention is not preserved for our review. In any event, it lacks merit. We further reject defendant's contention that the People presented only hearsay evidence to establish that defendant violated the aforementioned conditions of his probation (see Wiggins, 151 AD3d at 1860).
Defendant also contends that the court erred in concluding that he violated the conditions of his probation by failing to consent to a search of an apartment that he was in at the time of the search and by possessing contraband. Insofar as defendant contends that the contraband should have been suppressed because it was discovered as a result of an unlawful search, the contention is unpreserved (see People v Bevilacqua, 91 AD3d 1120, 1121 n [3d Dept 2012]; People v Soprano, 27 AD3d 964, 965 [3d Dept 2006]), and we decline to exercise our power to address the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant's remaining contentions regarding the failure to consent to a search and possession of contraband are preserved, we conclude that they lack merit.
Contrary to defendant's further contention, the People established that defendant was aware of each of the conditions of his probation. Here, the record reflects that defendant signed [*2]an amended order and conditions of probation in open court, acknowledging that he read, understood, and agreed to accept the conditions (see People v Hale, 93 NY2d 454, 461 [1999]).
Finally, defendant contends that he was deprived of effective assistance of counsel in various respects. We reject defendant's allegation that defense counsel was ineffective in failing to move to suppress the contraband inasmuch as defendant failed to " demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" under the circumstances of this case (People v Bank, 129 AD3d 1445, 1447 [4th Dept 2015], affd 28 NY3d 131 [2016], quoting People v Rivera, 71 NY2d 705, 709 [1988]). We have reviewed defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court