People v Hancarik (2022 NY Slip Op 00692)





People v Hancarik


2022 NY Slip Op 00692


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

110355
[*1]The People of the State of New York, Respondent,
v
Wayne J. Hancarik Jr., Appellant.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Delaware County (Rosa, J.), rendered May 14, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2016, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced to five years of probation. In 2018, petitioner was charged with five counts of violating the conditions of his probation. Following a hearing, County Court found that defendant had violated the conditions of probation that required defendant to not consort with an individual under probation supervision without permission from defendant's probation officer and to not violate state law. As a result, the court revoked defendant's probation and resentenced him to a prison term of two years followed by one year of postrelease supervision. Defendant appeals.
Initially, we note that, because defendant has served his sentence and has reached the maximum expiration date of his period of postrelease supervision, his challenge to the severity of the prison sentence is moot. Such expiration of the prison term and period of postrelease supervision, however, does not render moot his challenge to the determination that he violated the conditions of his probation, as such a determination "is 'a continuing blot on his record' with potential future consequences" (People v Wiggins, 151 AD3d 1859, 1859 [4th Dept 2017] [brackets omitted], lv denied 30 NY3d 954 [2017], quoting Matter of Williams v Cornelius, 76 NY2d 542, 546 [1990]; accord People v Freeman, 169 AD3d 1513, 1513 [4th Dept 2019], lv denied 33 NY3d 976 [2019]). To the extent that our prior decisions have held to the contrary (see People v Baker, 100 AD3d 1154 [2012]; People v Fiacco, 68 AD3d 1251 [2009]; People v Raner, 51 AD3d 1224 [2008]; People v Lesson, 32 AD3d 1083 [2006]), they should no longer be followed as we now adopt the reasoning set forth by the Fourth Department in People v Wiggins (151 AD3d at 1859) and People v Freeman (169 AD3d at 1513).
Turning to the merits, we find no reason to disturb County Court's determination that the People proved, by a preponderance of the evidence, that defendant violated the terms and conditions of his probation (see CPL 410.70 [3]). "Probation violation hearings are summary in nature and evidence presented thereat may include hearsay, although that may not be the sole basis for the finding of a violation" (People v Bevilacqua, 91 AD3d 1120, 1120 [2012]; see People v Finch, 160 AD3d 1212, 1213 [2018]).
The terms and conditions of defendant's probation, which defendant signed and acknowledged, prohibited him from "consort[ing] with disreputable persons including . . . those under probation or parole supervision without prior approval of the [s]upervising [p]robation [o]fficer" and required him to "[r]efrain from violating any federal, state or local law." Defendant's probation officer testified that, on January 19, 2018, he found defendant at the residence of an [*2]individual who is known by the probation officer to be under parole supervision.[FN1] The probation officer also testified that, although defendant had been given permission in certain circumstances to be with this individual, defendant's contact exceeded the scope of that permission. Defendant admitted having frequent contact with the individual, but explained that he did not think that permission was required because the individual was part of his substance abuse treatment support group.
The parole officer further testified that defendant was in possession of car keys and acknowledged that he drove to the individual's house that day. When the parole officer thereafter ran a search of defendant's driver's license history, a printout of which was admitted at the hearing as hearsay, it indicated that defendant's license was suspended. Pursuant to Vehicle and Traffic Law § 509 (1), a person is required to be duly licensed in order to operate a motor vehicle. Defendant testified that he was unaware that his license had been suspended, as he thought he paid the fine for the ticket that led to the suspension.
Contrary to defendant's contention, the determination was not based exclusively on hearsay evidence. Although the People introduced certain hearsay evidence, testimony from defendant's probation officer regarding his observation and conversation with defendant, as well as defendant's admissions, constitute the "necessary residuum of competent legal evidence to support the finding that defendant violated the terms and conditions of his probation" (People v Mazzeo, 191 AD3d 1171, 1173 [2021] [internal quotation marks and citations omitted], lv denied 36 NY3d 1121 [2021]; see People v Eggsware, 125 AD3d 1057, 1057-1058 [2015], lv denied 25 NY3d 1162 [2015]; People v Bower, 9 AD3d 603, 604 [2004], lv denied 3 NY3d 704 [2004]). Finally, defendant's contention that County Court was divested of jurisdiction due to its delay in taking appropriate steps to resolve the alleged violation is unpreserved for our review (see People v Douglas, 94 NY2d 807, 808 [1999]), and we decline his request to reduce the sentence in the interest of justice.
Egan Jr., J.P., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although information regarding numerous text messages between defendant and the subject individual was introduced at the hearing, the dates of those text messages were not set forth in the violation of probation petition. In any event, County Court did not specifically rely on those text messages in reaching its determination.