People v Lowndes (2025 NY Slip Op 03868)

People v Lowndes

2025 NY Slip Op 03868

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 71074/23|Appeal No. 4644|Case No. 2023-03936|

[*1]The People of the State of New York, Respondent,
v
Kareem Lowndes, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at plea; Ralph A. Fabrizio, J., at sentencing), rendered July 5, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, there is no basis for reducing his sentence.
Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [] not consort with disreputable people" under Penal Law § 65.10(1) survives defendant's waiver of the right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024]). However, the court providently deemed this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so," given that defendant was found in possession of a loaded pistol and small amount of cocaine, and the Department of Probation's recommendation that defendant participate in drug counseling services based on his reportedly daily use of marijuana (see Penal Law § 65.10 [1], [2]; see generally People v Hancarik, 202 AD3d 1151, 1152 [2d Dept 2022]).
Defendant's valid waiver of his right to appeal forecloses review of his constitutional as-applied challenges to the probation condition under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Johnson, 225 AD3d 453, 454 [1st Dept 2024], lv granted 42 NY3d 953 [2024]). In any event, the claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; see also People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025