People v Wade (2025 NY Slip Op 05649)

People v Wade

2025 NY Slip Op 05649

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 71531/23|Appeal No. 4932|Case No. 2024-03780|

[*1]The People of the State of New York, Respondent,
v
Sterling Wade, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered May 15, 2024, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Hunt, 225 AD3d 501, 501 [1st Dept 2024], lv denied 42 NY3d 927 [2024]). As an alternative holding, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10 (2)(a) and (b), as not reasonably related to his rehabilitation, survives his valid appeal waiver and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; see also People v Hakes, 32 NY3d 624, 628 n 3 [2018]). However, this condition was properly imposed as "reasonably necessary to [e]nsure" that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]). Defendant abused crack cocaine since the age of 14 years old and was under the influence of the same substance during the underlying offense, and defendant's lengthy criminal history included numerous drug-related convictions (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; see also People v Hancarik, 202 AD3d 1151, 1151-1152 [3d Dept 2022]).
Defendant's valid appeal waiver forecloses review of his unconstitutional as-applied challenges to the probation condition under the First, Fifth, and Fourteenth Amendments (see Lowndes, 239 AD3d at 575; People v Johnson, 225 AD3d 453, 454 [1st Dept 2024], lv granted 42 NY3d 953 [2024]). As an alternative holding, defendant's constitutional claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575; see generally People v Hanley, 20 NY3d 601, 604 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025