People v Pointdexter (2025 NY Slip Op 06143)

People v Pointdexter

2025 NY Slip Op 06143

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Ind No. 74610/23|Appeal No. 5122|Case No. 2024-03388|

[*1]The People of the State of New York, Respondent,
v
Glenn Pointdexter, Also Known as Glenn Pondexter, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbello of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered May 14, 2024, convicting defendant, upon his plea of guilty, of attempted sexual abuse in the first degree, and sentencing him to a jail term of 6 months, to be followed by 10 years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay a surcharge and fees, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Hunt, 225 AD3d 501, 501 [1st Dept 2024], lv denied 42 NY3d 927 [2024]). As an alternative holding, we perceive no basis for reducing the sentence.
Defendant's challenge to two conditions of his probation as not reasonably related to his rehabilitation survive his valid appeal waiver and do not require preservation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; see also People v Hakes, 32 NY3d 624, 628 n 3 [2018]). However, the condition of defendant's probation requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10 (2)(a) and (b) was properly imposed as reasonably necessary to [e]nsure" that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]). Defendant attributed his conduct during the underlying offense to being under the influence of alcohol and another substance, and defendant's lengthy criminal history included several drug-related convictions (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; see also People v Hancarik, 202 AD3d 1151, 1151-1152 [3d Dept 2022]).
Defendant's valid appeal waiver forecloses review of his unconstitutional as-applied challenges to this same probation condition under the First, Fifth, and Fourteenth Amendments (see Lowndes, 239 AD3d at 575; People v Johnson, 225 AD3d 453, 454 [1st Dept 2024], lv granted 42 NY3d 953 [2024]; In any event, defendant's constitutional claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575; see generally People v Hanley, 20 NY3d 601, 604 [2013]).
Separately, we find that the imposition of payment of $1,425, comprising the mandatory surcharge, crime victim assistance fee, DNA fee, Sex Offender Registration Act fee, and supplemental sex offender victim fee, as a condition of defendant's probation will not assist in ensuring he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d at 620). Defendant, who is indigent, has not been gainfully employed since, at the latest, 2019, is reliant on public assistance, has been intermittently homeless, and struggles with substance abuse. Accordingly, we strike that condition. We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025