■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BOLOGNA, Appellant.—Appeal by defendant from an amended judgment of the County Court, Westchester County, rendered September 5, 1978, which, after a hearing, revoked a sentence of probation which had been imposed upon defendant's conviction of possession of gambling records in the first degree, and resentenced him to a term of imprisonment. Amended judgment affirmed. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). The record clearly establishes that defendant violated the condition of his probation which proscribed association with known gamblers. His conduct demonstrated a " 'calculated choice' " to associate with individuals who either had been previously convicted of gambling offenses or had been previously associated with defendant in gambling activities, including his former codefendant (see *United States v Albanese,* 554 F2d 543, 546). Since defendant could not reasonably have believed that such conduct was permitted by the afore-mentioned condition of his probation, his contention that the condition was unduly vague must be rejected (see *United States v Albanese, supra; Birzon v King,* 469 F2d 1241, 1242-1243). Defendant also claims that he was entitled to a hearing on his charge of discriminatory enforcement by Federal authorities who provided the evidence upon which the County Court's finding of delinquency is based. However, the motives of the Federal authorities are irrelevant, since it was the court, and not the Federal authorities, who enforced the condition of probation. Defendant, while on probation, was in the legal custody of the County Court (see CPL 410.50, subd 1). That court had imposed the condition of probation which defendant subsequently violated, possessed the power to modify that condition (CPL 410.20, subd 1), and, upon a finding of delinquency, could in its discretion revoke, continue or modify the sentence of probation (CPL 410.70, subd 5). The Federal authorities merely notified the court and its agent, the probation department, of the violation of the condition of probation. They had no power to enforce the condition. Therefore, as a matter of law, defendant's claim of discriminatory enforcement must fail. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.