■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. TUCKER, Appellant. [757 NYS2d 117] —Crew III, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered March 27, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted, following a plea, of the crime of possessing a sexual performance by a child and was sentenced to six months in jail and five years' probation. Pursuant to condition No. 24 of his probation, defendant was "not [to] possess any pornography or any material that [could] reasonably be considered pornography." Defendant's probation officer subsequently filed an amended violation petition alleging that defendant had violated the aforementioned condition of his

probation. Following a hearing, County Court determined that defendant indeed had violated condition No. 24 of his probation, revoked defendant's probation and sentenced him to an indeterminate term of imprisonment of 1⅓ to 4 years. Defendant now appeals.

We affirm. While we agree that the portion of condition No. 24 prohibiting defendant from possessing any material that could reasonably be construed as pornography is vague and unenforceable, the balance of condition No. 24, which prohibited defendant from possessing any pornography, is sufficiently explicit to inform a reasonable person of the conduct to be avoided (*see People v Howland*, 108 AD2d 1019, 1020). As noted by defendant, the terms "pornography" and "obscenity" have been used interchangeably (*see People v Heller*, 33 NY2d 314, 318, *cert denied* 418 US 944), and the term "obscene" has been defined at common law (*see id.*), as well as statutorily (*see* Penal Law § 235.00 [1]).

We likewise reject defendant's contention that there was insufficient evidence to justify a finding that he was in possession of pornography. The record reveals that defendant's probation officer, David Lisicki, found a duffle bag full of videos in defendant's bedroom, the covers of which portrayed naked men and women. While it is true, as contended by defendant, that Lisicki did not personally view any of the videos, he testified that defendant told him that they were pornographic videos, which admission we deem sufficient to sustain the amended violation of probation petition.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.