THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAIGTH A. OLLMAN, Appellant. (Appeal No. 1.) [765 NYS2d 541] —Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered June 5, 2000, convicting defendant after a jury trial of, inter alia, reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him after a jury trial of reckless endangerment in the second degree (Penal Law § 120.20), criminal possession of a weapon in the third degree (§ 265.02), driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and various traffic infractions. In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of perjury in the first degree (Penal Law § 210.15).

With respect to appeal No. 1, we conclude that defendant was not denied a fair trial by County Court's granting the People's motion for reargument and, upon reargument, reinstating count one of the indictment and reducing that charge to attempted assault. Viewing the evidence in the light most favorable to the People, we conclude that defendant's intent to cause serious physical injury could be inferred from the evidence that defendant hit two people with his car (*see People v Nash* [appeal No. 1], 288 AD2d 937 [2001], *lv denied* 97 NY2d 686 [2001]).

Defendant further contends that the court erred in denying his request for a missing witness charge with respect to the nurse who examined one of the victims. Because the victim herself testified that she did not suffer a serious injury, the testimony of the nurse would have been cumulative, and thus, a missing witness charge was not warranted (*see People v Richards*, 275 AD2d 886, 887 [2000], *lv denied* 96 NY2d 738 [2001]).

The evidence is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and his sentence is not unduly harsh or severe.

With respect to appeal No. 2, defendant contends that he

would not have committed perjury if he had been provided with counsel at the violation of probation hearing. By his plea of guilty, however, defendant has waived all factual defenses to that charge (*see People v Pelchat*, 62 NY2d 97, 108-109 [1984]; *People v Smith*, 263 AD2d 676 [1999], *lv denied* 93 NY2d 1027 [1999]). Because we affirm the judgment of conviction in appeal No. 1, we need not address whether defendant's plea should be vacated because it was inextricably intertwined with that conviction. We have considered the remaining contentions raised by defendant in his pro se supplemental brief and conclude that they lack merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.