◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN P. DEXTER, Appellant. [897 NYS2d 355]—Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., J.), rendered August 5, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. .

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). County Court sentenced him to a term of incarceration based on his admission that he violated the conditions of his probation. Defendant's contentions with respect to the plea proceeding underlying the original judgment are "not properly before us inasmuch as there is no notice of appeal from the original judgment in the record before us, nor is there otherwise any indication in the record that an appeal from that judgment was perfected" (*People v Brown*, 307 AD2d 759 [2003]; *see People v Lawlor*, 49 AD3d 1270 [2008], *lv denied* 10 NY3d 936 [2008]; *People v Parente*, 4 AD3d 793 [2004]). We agree with defendant that "[a]lthough defendant's waiver of the right to appeal encompassed the original sentence of probation . . . , it did not

encompass the [sentence imposed] following defendant's violation of probation" (*People v Rodriguez*, 259 AD2d 1040 [1999]; *see People v Cheatham*, 278 AD2d 889 [2000], *lv denied* 96 NY2d 798 [2001]). Contrary to defendant's further contention, however, the sentence imposed following the violation of probation is not unduly harsh or severe. Present—Smith, J.P., Centra, Fahey and Pine, JJ.