■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN D. PRINGLE, Appellant. [900 NYS2d 215]—

Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered March 5, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and sentencing him to a term of imprisonment. We note at the outset that we do not consider the contentions of defendant concerning his inability to pay for drug and alcohol treatment. The record establishes that County Court found that the People failed to meet their burden of proof with respect to their allegations that defendant violated the conditions of his probation by failing to comply with drug and alcohol treatment requirements, and thus there is no issue with respect to defendant's alleged inability to pay for that treatment.

Contrary to the contention of defendant, the court properly determined that the People met their burden of proving by a preponderance of the evidence that defendant otherwise violated the terms and conditions of his probation (*see People v Donohue*, 64 AD3d 1187 [2009]; *People v Bergman*, 56 AD3d 1225 [2008], *lv denied* 12 NY3d 756 [2009]). The People presented evidence that defendant missed four required sex offender treatment appointments (*see Donohue*, 64 AD3d at 1188), possessed pornographic materials, and failed to stay away from a park frequented by children, as directed by his probation officer (*cf. People v DeMoney*, 55 AD3d 953, 954 [2008]). In addition, de-

fendant's probation officer testified at the violation hearing that she observed defendant at a convenience store while he was on probation, and that his travel log did not contain the required entry reflecting that trip. That nonhearsay testimony provided the necessary " 'residuum of competent legal evidence' " (*id.*) that defendant violated a condition of his probation, by establishing that defendant failed to maintain the required log of his daily travel (*see generally People v Roberge*, 293 AD2d 913, 914 [2002], *lv denied* 98 NY2d 680 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.