■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. PERNA, Appellant. (Appeal No. 1.) [902 NYS2d 870]—

Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered October 24, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the probation component of the split sentence of incarceration and probation previously imposed upon his conviction of possessing a sexual performance by a child (Penal Law § 263.16) and sentencing him to an indeterminate term of incarceration. As a preliminary matter, we note that the contention of defendant that his plea was not knowing, voluntary and intelligent is not properly before us inasmuch as defendant did not appeal from the original judgment (see People v Dexter, 71 AD3d 1504 [2010]). The valid waiver by defendant of the right to appeal does not encompass the sentence imposed following his violation of probation (see id. at 1504-1505), and thus we may review defendant's contention concerning the sentence. We conclude, however, that the sentence is not unduly harsh or severe.

We reject the further contention of defendant that the People failed to prove by a preponderance of the evidence that he violated the conditions of his probation (see generally CPL 410.70 [3]). " 'A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard' " (People v Bost, 39 AD3d 1027, 1027-1028 [2007]; see People v DeMarco, 60 AD3d 1107, 1108 [2009]). Here, a declaration of delinquency was filed alleging that defendant violated the conditions of probation prohibiting him from residing with a child less than 17 years old and from accessing the Internet, and a violation hearing was conducted. County Court was entitled to credit the testimony of the probation officer at the hearing that he visited defendant at the residence listed as his residence on the sex offender registration form and that a one-year-old child resided there. Although defendant presented evidence that he was staying at that residence only on a temporary basis, the court's credibility determination is entitled to great deference (see DeMarco, 60 AD3d at 1108). The court was also entitled to credit the testimony of the probation officer that defendant admitted to him that he accessed the Internet by means of a video game

device, rather than the testimony of defendant that he had not accessed the Internet. Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.