◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CHIARAPPA, Appellant. [910 NYS2d 799]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 19, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment that revoked the sentence of probation imposed upon his conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and sentenced him to an indeterminate term of incarceration. Defendant failed to preserve for our review his contention that he was denied the right to present a defense at his probation revocation hearing (*see People v Melendez*, 8 NY3d 886 [2007]; *People v Dorn*, 71 AD3d 1523 [2010]) and, in any event, we conclude that defendant was " 'afforded [the requisite] opportunity to be heard' " (*People v Perna*, 74 AD3d 1807, 1807 [2010]). County Court properly refused to consider the testimony of defendant concerning matters extraneous to the issue whether he failed to report to his probation officer (*see generally People v Grace*, 60 AD3d 432, 433 [2009], *lv denied* 12 NY3d 854 [2009]; *People v Lawhorn*, 21 AD3d 1289, 1291 [2005]). In addition, the fact that the court briefly mentioned another charge did not deny defendant his right to present a defense with respect thereto inasmuch as the court did not sentence him based upon that charge (*see generally People v Rivers*, 262 AD2d 108 [1999], *lv denied* 94 NY2d 828 [1999]). Also contrary to the contention of defendant, the court was entitled to credit the testimony of the probation officer over that of defendant (*see Perna*, 74 AD3d at 1807-1808), and we conclude that the People met their burden of proving by a preponderance of the evidence that defendant violated the conditions of his probation by failing to report to his probation officer (*see generally id.* at 1807). Finally, defendant contends that the court erred in relying on testimony concerning his failure to report to his probation officer inasmuch as such testimony involved conduct that occurred approximately one year prior to the revocation hearing. We reject that contention (*see* CPL 410.70 [3]; *People v Johnson*, 159 AD2d 725, 725-726 [1990]; *People v Cherry*, 143 AD2d 1028, 1029-1030 [1988], *lv denied* 73 NY2d 920 [1989]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.