# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

858
KA 10-01416
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MATTHEW WHEELER, DEFENDANT-APPELLANT.

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

MATTHEW WHEELER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF
COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County
(Joseph D. Valentino, J.), rendered June 1, 2010.  The judgment
revoked defendant's sentence of probation and imposed a sentence of
imprisonment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant was convicted, upon his plea of guilty, of
sexual abuse in the first degree (Penal Law § 130.65 [3]), for having
subjected a five-year-old girl to sexual contact by rubbing her
buttocks for his own sexual gratification.  Defendant was sentenced to
a split sentence of incarceration and probation and was subsequently
adjudicated a level three sex offender (*see People v Wheeler*, 59 AD3d
1007, *lv denied* 12 NY3d 711).  Pursuant to condition No. 5 of his
probation, defendant is required to obtain "suitable employment" or
"pursue a course of study or vocational training."  Pursuant to
condition No. 16 of his probation, which was imposed based on his
status as a sex offender, defendant is not permitted to "own, possess
or have under [his] control items deemed by the probation officer or
treatment provider to be pornographic or sexually stimulating."

During defendant's period of probation, defendant's probation
officer and other members of the probation department conducted a
search of defendant's home.  During the search, the probation officers
discovered a laptop computer with 113 images of prepubescent girls in
various explicit poses and stages of undress stored therein (images).
Defendant's probation officer filed an information for delinquency
alleging that defendant violated condition No. 16 of his probation
based on defendant's possession of the images on his computer.  The
officer also alleged that defendant violated condition No. 5 of his

probation based on his failure to be suitably employed or enrolled in school.  Following a hearing, Supreme Court determined that defendant violated his probation, revoked his probation and sentenced him to a determinate term of incarceration.  Defendant appeals.  All of the contentions addressed herein are contained in defendant's main brief unless otherwise noted.

"A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard" (*People v Perna*, 74 AD3d 1807, 1807, *lv denied* 17 NY3d 716 [internal quotation marks omitted]; *see People v DeMarco*, 60 AD3d 1107, 1108).  The People are required to establish by a preponderance of the evidence that defendant violated the terms and conditions of his probation (*see* CPL 410.70 [3]; *People v Pringle*, 72 AD3d 1629, 1629, *lv denied* 15 NY3d 855; *People v Bergman*, 56 AD3d 1225, 1225, *lv denied* 12 NY3d 756), and "the decision to revoke his probation will not be disturbed, [absent a] 'clear abuse of discretion' " (*People v Barber*, 280 AD2d 691, 694, *lv denied* 96 NY2d 825; *see Bergman*, 56 AD3d at 1225).

Defendant contends in his main and pro se supplemental briefs that the People failed to establish by a preponderance of the evidence that he violated condition No. 5 (*see People v Garner*, 56 AD3d 951, 952, *lv denied* 12 NY3d 783; *People v Green*, 255 AD2d 923, 923, *lv denied* 93 NY2d 853; *see generally Bergman*, 56 AD3d at 1225).  That contention lacks merit.  We defer to the court's determination crediting the testimony of defendant's probation officer, who testified that defendant failed to obtain "suitable employment" or "pursue a course of study or vocational training" despite his ability to do so (*see Perna*, 74 AD3d at 1807; *DeMarco*, 60 AD3d at 1108).

Defendant further contends in his main and pro se supplemental briefs that the court erred in refusing to suppress the evidence recovered by the probation officers when they searched his home and computer.  We reject that contention.  While on probation, a defendant still retains the constitutional right to be free from "unreasonable searches and seizures" (*People v Huntley*, 43 NY2d 175, 181; *see People v Hale*, 93 NY2d 454, 459).  Nevertheless, pursuant to a condition of his probation, defendant consented to warrantless searches by probation officers of, inter alia, his home in order for those officers to monitor his compliance with the conditions of his probation, and defendant further consented to "seizures of any items found to be in violation" of those conditions (*see Hale*, 93 NY2d at 460).  Condition No. 16 of his probation, which as noted prohibits defendant from owning, possessing or having under his control "pornographic" or "sexually stimulating" items, was "individually tailored" to defendant's underlying sex offense and "reasonably related" to his rehabilitation and supervision (*id.* at 462; *see People v Wahl*, 302 AD2d 976, 976, *lv denied* 99 NY2d 659; *People v Schunk*, 269 AD2d 857, 857).  "As such, [those conditions] provided an appropriate basis for the search and seizure of [defendant's home and computer]" (*Hale*, 93 NY2d at 462).  Further, the record establishes that defendant violated the terms of his probation on two prior occasions by failing to participate in a sex offender treatment program, and we

thus conclude that the decision of defendant's probation officer to search his home and computer was " 'rationally and reasonably related to the performance of the [probation] officer's duty' " to monitor the terms of defendant's probation (*People v Johnson*, 49 AD3d 1244, 1245, *lv denied* 10 NY3d 865, quoting *Huntley*, 43 NY2d at 181; *see Hale*, 93 NY2d at 462).

Defendant also contends that the term "sexually stimulating" as used in condition No. 16 is unconstitutionally vague and unenforceable. Preliminarily, we note that defendant does not challenge the term "pornographic" as used in that condition as being unconstitutionally vague and unenforceable. Consequently, even assuming, arguendo, that the term "sexually stimulating" is unconstitutionally vague, we conclude that reversal is not required because, as discussed *infra*, the court properly determined that the images were pornographic in nature and thus condition No. 16 is enforceable (*see People v Tucker*, 302 AD2d 752, 753). In any event, we conclude that the term "sexually stimulating" as used in condition No. 16 "is sufficiently explicit to inform a reasonable person of the conduct to be avoided" and therefore is not unconstitutionally vague (*id.*; *see People v York*, 2 AD3d 1158, 1160; *People v Howland*, 108 AD2d 1019, 1020; *see generally People v Stuart*, 100 NY2d 412, 420-421). Given the nature of defendant's underlying sex offense and his status as a level three sex offender, we conclude that defendant could not have reasonably believed that his possession of the images, which depict prepubescent females in various states of undress and sexually suggestive poses, was permitted by condition No. 16 (*see People v Bologna*, 67 AD2d 1004, 1004; *see also Farrell v Burke*, 449 F3d 470, 491; *see generally Stuart*, 100 NY2d at 420-421).

Defendant next contends that the images are not "pornographic" or "sexually stimulating" and that the People thus failed to prove by a preponderance of the evidence that he violated condition No. 16 (*see* CPL 410.70 [3]; *Pringle*, 72 AD3d at 1629; *Bergman*, 56 AD3d at 1225). We reject that contention, although we note in any event that sufficient evidence of the violation of condition No. 5 alone provided a proper basis for the court to conclude that defendant violated his probation. Here, because the images depicted children, we must consider the definition of "child pornography" in resolving the issue whether the images are "pornographic." In determining whether the images were "pornographic," the court considered the federal definition of the term "child pornography," and we agree that federal law provides guidance under these circumstances (*see generally People v Horner*, 300 AD2d 841, 842-843). Federal law provides that "the lascivious exhibition of the genitals or pubic area of a minor constitutes child pornography" (*United States v Hill*, 459 F3d 966, 969 n 2, *cert denied* 549 US 1299; *see* 18 USC § 2256 [2] [B] [iii]; [8]). The question whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" is determined by consideration of the following factors: "1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in

inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and] 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer" (*United States v Dost*, 636 F Supp 828, 832, *affd* 812 F2d 1239, 813 F2d 1231, *cert denied* 484 US 856; *see Horner*, 300 AD2d at 842-843). Notably, "all of the aforementioned factors need not be present" in order to determine that materials constitute child pornography where, as here, there is no statutory provision to the contrary, and nothing in *Dost* requires that "the genitalia be uncovered" (*Horner*, 300 AD2d at 843). "Hence, one must consider the combined effect of the setting, attire, pose and emphasis on the genitals and whether it is designed to elicit a sexual response in the viewer, 'albeit perhaps not the "average viewer", but perhaps in the pedophile viewer' " (*id.*, quoting *Dost*, 636 F Supp at 832).

Based on the foregoing, we agree with the court that the images are "pornographic" inasmuch as the focal point of many of the images is on the child's genitalia or pubic area. Further, although no child's genitalia is actually uncovered in the images, many of the children are in unnatural poses and are dressed in age-inappropriate attire; most of the children are only partially clothed; many of the images suggest sexual coyness or willingness on the part of the child to engage in sexual activity; and, most importantly, the "combined effect" of the foregoing factors appears to have been "designed to elicit a sexual response" in defendant, who was convicted of sexually abusing a five-year-old girl (*id.*). We further agree with the court in any event that the images were "sexually stimulating" based on the common meaning of that term (*see* Webster's Third New International Dictionary 2082, 2244 [2002] [defining "sexually" as "in a sexual manner" or "with regard to or by means of sex" and defining "stimulate" as "to excite to activity or growth or to greater activity or exertion" or "stir up," as in to "animate," "liven" or "arouse"]), particularly given the age, dress, and poses of the children depicted in the images and considering the nature of defendant's underlying conviction and his status as a sex offender.

Contrary to defendant's further contention in his main and pro se supplemental briefs, the People were not required pursuant to condition No. 16 to prove that he "knowingly possessed" the images and instead were required to prove only that he "own[ed], possess[ed] or [had them] under [his] control." The testimony at the hearing establishes that the probation officers discovered the computer during their search of defendant's home and that defendant admitted to the probation officers at the time of the search that the computer belonged to him. We therefore conclude that the court properly determined that the People met their burden of proving by a preponderance of the evidence that defendant owned, possessed, or controlled the images in violation of condition No. 16 (*see Pringle*, 72 AD3d at 1629; *Tucker*, 302 AD2d at 753; *see generally Bergman*, 56 AD3d at 1225). We further conclude that the sentence is not unduly harsh or severe.

          Finally, we have reviewed the remaining contentions in
defendant's pro se supplemental brief and conclude that none requires
modification or reversal of the judgment.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court