# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

175
KA 11-01384
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DONALD JULIUS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered June 7, 2010. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of sexual abuse in the first degree (Penal Law § 130.65 [1]) and sentencing him to, inter alia, a determinate term of incarceration of five years. Contrary to defendant's contention, we conclude that Supreme Court properly determined that the People established by the requisite "preponderance of the evidence" that defendant violated the terms and conditions of his probation (*People v Ortiz*, 94 AD3d 1436, 1436, *lv denied* 19 NY3d 999; *see* CPL 410.70 [3]; *People v Pringle*, 72 AD3d 1629, 1629, *lv denied* 15 NY3d 855; *People v Van Every*, 26 AD3d 777, 777). The evidence adduced at the hearing established that defendant had failed to obtain or maintain "legitimate verifiable employment," to undergo required evaluations, and to enroll in required treatment programs.

Relying on CPL 100.15 and 100.40 and juvenile delinquency cases, defendant further contends that the first, second and third declarations of delinquency were jurisdictionally defective because they failed to contain nonhearsay allegations. We reject that contention. First, CPL sections 100.15 (3) and 100.40 (1) (c) concern local criminal court accusatory instruments such as informations and misdemeanor and felony complaints. Those sections do not address the requirements for violation of probation (VOP) petitions, which are found in CPL article 410. Second, although Family Court Act § 360.2

(2) specifically requires that VOP petitions in juvenile delinquency proceedings contain "[n]on[]hearsay allegations . . . establish[ing], if true, every violation charged," there is no corresponding requirement in CPL article 410.  At most, CPL 410.70 (2) requires that the court "file or cause to be filed . . . a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred."  There is no requirement that the statement contain nonhearsay allegations.

In any event, we agree with the People that, were there such a requirement in the CPL, the reasoning of *Matter of Markim Q.* (7 NY3d 405, 410-411) would apply such that the lack of nonhearsay allegations in the VOP petition would not constitute a jurisdictional defect.  "A VOP petition, [unlike an original accusatory instrument], is not the foundation of the court's jurisdiction.  It does not commence a new proceeding, but is simply a new step in an existing one" (*id.* at 410).

The People correctly concede that defendant's waiver of the right to appeal with respect to the VOP admissions on the first and third declarations of delinquency was insufficient to encompass his challenge to the severity of the sentence imposed upon the VOP (*see People v Maracle*, 19 NY3d 925, 928).  We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court