■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDULA LANE, Appellant. [963 NYS2d 920]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 15, 2010. The judgment revoked

defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and sentencing him to a determinate term of incarceration. We note at the outset that we do not consider defendant's contentions with respect to the sufficiency of the evidence regarding his subsequent arrest. The record establishes that County Court did not find that defendant violated the condition of his probation directing that he "shall violate no further laws," and thus there is no issue with respect to the evidence regarding that condition.

Contrary to defendant's contention, the court properly determined that the People met their burden of proving by a preponderance of the evidence that defendant violated the terms and conditions of his probation (*see People v Pringle*, 72 AD3d 1629, 1629 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Bergman*, 56 AD3d 1225, 1225 [2008], *lv denied* 12 NY3d 756 [2009]). Contrary to defendant's further contention, the sentence imposed upon the violation of probation is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Carni and Sconiers, JJ.