# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**246**

**KA 15-01274**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

JOHN R. DETTELIS, DEFENDANT-APPELLANT.

---

MICHAEL L. D'AMICO, BUFFALO, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered January 21, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the declaration of delinquency is vacated and the sentence of probation is reinstated.

Memorandum: On appeal from a judgment revoking his sentence of probation imposed upon his conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and imposing a sentence of incarceration, defendant contends that County Court erred in finding that he violated a condition of his probation. We agree.

" 'A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard' " (*People v Wheeler*, 99 AD3d 1168, 1169, *lv denied* 20 NY3d 989). The People have the burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation (*see* CPL 410.70 [3]; *Wheeler*, 99 AD3d at 1169-1170; *People v Cangialosi*, 277 AD2d 897, 897).

Here, the evidence at the hearing established that defendant had an argument with a court clerk at the town courthouse over obtaining access to certain paperwork, which resulted in defendant being asked to leave the courthouse. Following that incident, a police officer, who expressly disclaimed that he was conducting an investigation, was dispatched to defendant's residence to advise defendant not to return to the courthouse and to have his attorney contact the court going forward. With respect to the interaction at his residence, defendant testified that the police officer inquired as to what had occurred at

the courthouse, acted as though he was there to assist defendant, and thereafter accompanied defendant and his wife back to the courthouse to facilitate their ability to vote because it was election day.  We defer to the court's determination crediting the testimony of defendant's probation officer that defendant did not notify the probation department about his contact with the police officer (*see Wheeler*, 99 AD3d at 1170; *People v Perna*, 74 AD3d 1807, 1807, *lv denied* 17 NY3d 716).  Contrary to the People's contention, however, the terms of defendant's probation did not require that he notify the probation department about "any contact" with the police (*cf. People v Murray*, 12 AD3d 838, 839, *lv denied* 4 NY3d 766).  Rather, the subject probation condition required that defendant "notify [a] [p]robation [o]fficer within 48 hours if [he was] arrested or questioned by any law enforcement officials."  Under the particular facts of this case, we conclude that the evidence at the hearing does not establish that the interaction between defendant and the police officer amounted to defendant being "questioned," which would have triggered his obligation to notify a probation officer.  The court's finding that defendant violated a condition of his probation is therefore not supported by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Greiner*, 256 AD2d 1132, 1132, *lv denied* 93 NY2d 873; *cf. People v Pomales*, 37 AD3d 1098, 1098, *lv denied* 8 NY3d 949).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court