Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered May 1, 2014. The judgment convicted defendant, upon his plea of guilty, of failure to register as a sex offender.
 

 It is hereby ordered that the judgment so appealed from is unánimously affirmed.
 

 Memorandum: Defendant was convicted in 2012 upon his plea of guilty of failure to register as a sex offender (Correction Law §§ 168-f [4]; 168-t), and he was sentenced, inter alia, to a term of probation. The conditions of defendant’s probation required defendant to notify his probation officer prior to any change in his residence and to avoid contact with children. In 2014, defendant’s probation officer filed an information for delinquency alleging that defendant had violated his probation conditions by moving from his approved residence, to the residence of a family with a young child, without prior approval of his probation officer. In appeal No. 2, defendant appeals from a judgment, entered after a violation of probation hearing, revoking the sentence of probation on the 2012 conviction and sentencing him to an indeterminate term of incarceration.
 

 In addition to the violation of probation, defendant was also indicted upon another charge of failure to register as a sex offender, arising from the same factual allegations as those that formed the basis for the violation of probation. In appeal No. 1, he appeals from a judgment convicting him upon his plea of guilty of failure to register as a sex offender in 2014.
 

 Addressing first the issues raised in appeal No. 2, we note that it is well settled that “ ‘[a] violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard’ ” (People v Wheeler, 99 AD3d 1168, 1169 [4th Dept 2012], lv denied 20 NY3d 989 [2012]). It is similarly well settled that the People bore the burden of establishing by a preponderance of the evidence that defendant violated a condition of his probation (see CPL 410.70 [3]; People v Dettelis, 137 AD3d 1722, 1722 [4th Dept 2016]).
 

 We reject defendant’s contention in appeal No. 2 that the People failed to establish by a preponderance of the evidence that he violated a condition of probation. Defendant contends that a witness testified falsely at the hearing in order to exact revenge against defendant because defendant made a referral to Child Protective Services in which he alleged that the witness’s child was neglected. Although defendant introduced evidence in support of that contention, County Court rejected that evidence and credited the witness’s testimony. It is well settled that, in reviewing a finding after a violation of probation hearing, we give “the court’s credibility determination [s] . . . great deference” (People v Perna, 74 AD3d 1807, 1807 [4th Dept 2010], lv denied 17 NY3d 716 [2011]; see also People v Eggsware, 125 AD3d 1057, 1058 [3d Dept 2015], lv denied 25 NY3d 1162 [2015]), and we perceive no reason to reject the court’s credibility determinations here (see generally People v Crandall, 51 AD2d 841, 842 [3d Dept 1976]).
 

 We reject defendant’s further contention in appeal No. 2 that he was denied effective assistance of counsel at the violation of probation hearing. In order “[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics, or the scope of possible cross-examination, weighed long after the [hearing], does not suffice” (People v Benevento, 91 NY2d 708, 713 [1998] [internal quotation marks omitted]; see People v Flores, 84 NY2d 184, 187 [1994]). Here, “ ‘the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation’ ” (People v Bergman, 56 AD3d 1225, 1225 [4th Dept 2008], lv denied 12 NY3d 756 [2009], quoting People v Baldi, 54 NY2d 137, 147 [1981]).
 

 In appeal No. 1, defendant contends that his waiver of the right to appeal is not valid. We reject that contention, and we conclude that the “[c]ourt’s plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty,” and that the valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (People v Braxton, 129 AD3d 1674, 1675 [4th Dept 2015], lv denied 26 NY3d 965 [2015] [internal quotation marks omitted]; see People v Graham, 140 AD3d 1686, 1687 [4th Dept 2016], lv denied 28 NY3d 930 [2016]; People v Weinstock, 129 AD3d 1663, 1663 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]).
 

 Finally, with respect to the plea in appeal No. 1, “[b]ecause we affirm the judgment of conviction in appeal No. [2], we need not address whether defendant’s plea should be vacated because it was inextricably intertwined with that conviction” (People v Ollman, 309 AD2d 1241, 1242 [4th Dept 2003], lv denied 1 NY3d 541 [2003]; see People v Stanley, 161 AD2d 1146, 1147 [4th Dept 1990], lv denied 76 NY2d 865 [1990]).
 

 Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.