People v Mayerat (2020 NY Slip Op 06639)





People v Mayerat


2020 NY Slip Op 06639


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


893 KA 19-02124

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON MAYERAT, DEFENDANT-APPELLANT. 






LAW OFFICE OF JAMES F. GRANVILLE, CHEEKTOWAGA (JAMES F. GRANVILLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered November 13, 2019. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and imposing a sentence of incarceration. We affirm.
Initially, we reject defendant's contention that County Court erred in refusing to dismiss the declaration of delinquency dated July 15, 2019 (declaration of delinquency) on the ground that it was facially insufficient. Contrary to defendant's contention, the declaration of delinquency "comport[ed] with the statutory requirement of providing [defendant] with the time, place, and manner of the alleged violation[s] (CPL 410.70)" (People v Kislowski, 30 NY3d 1006, 1007 [2017]).
Defendant further contends that the evidence at the hearing was insufficient to establish that he violated a condition of his probation. It is well settled that the People bear the burden of establishing an alleged violation by a preponderance of the evidence (see People v Bailey, 181 AD3d 1243, 1244 [4th Dept 2020]; People v Robinson, 147 AD3d 1351, 1351 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; see generally CPL 410.70 [3]), and that "the decision to revoke [a term of] probation will not be disturbed, [absent a] clear abuse of discretion" (People v Barber, 280 AD2d 691, 694 [3d Dept 2001], lv denied 96 NY2d 825 [2001] [internal quotation marks omitted]; see Bailey, 181 AD3d at 1244; People v Bergman, 56 AD3d 1225, 1225 [4th Dept 2008], lv denied 12 NY3d 756 [2009]). In addition, "[i]t is well settled that, in reviewing a finding after a violation of probation hearing, we give 'the court's credibility determination[s] . . . great deference' " (People v Travis, 156 AD3d 1399, 1400 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]). Contrary to defendant's contention, the People met their burden with respect to both of the alleged violations upon which the declaration of delinquency was based.
First, a preponderance of the evidence supports the court's determination that defendant violated the condition requiring him to allow his probation officer to visit him at his home. Defendant admitted at the hearing that the officer came to visit his home on the date at issue and that a condition of his probation required that defendant allow such visits, and the evidence established that defendant did not accede to the officer's request to enter and examine defendant's home. Second, a preponderance of the evidence supports the court's determination that defendant violated the condition requiring him to install an ignition interlock device on any [*2]vehicle he operated. The evidence at the hearing established that defendant did not install such a device on a vehicle owned by his ex-wife, with whom defendant resided. In addition, affording the requisite "great deference" to the court's credibility determinations (People v Perna, 74 AD3d 1807, 1807 [4th Dept 2010], lv denied 17 NY3d 716 [2011]), we perceive no basis for disturbing the court's implicit conclusion that the ex-wife's vehicle was operated by defendant and subject to the interlock device requirement. Indeed, we note that, shortly before the filing of the declaration of delinquency, defendant was convicted of another DWI offense in connection with his operation of his ex-wife's vehicle in violation of that same condition.
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court