People v Pruett (2021 NY Slip Op 00937)





People v Pruett


2021 NY Slip Op 00937


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


120 KA 20-01111

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CODY T. PRUETT, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 16, 2019. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted rape in the second degree (Penal Law §§ 110.00, 130.30 [1]) and imposing a determinate term of imprisonment, followed by a period of postrelease supervision. We reject defendant's contention that County Court erred in determining that he violated conditions of his probation. "A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard" (People v Wheeler, 99 AD3d 1168, 1169 [4th Dept 2012], lv denied 20 NY3d 989 [2012] [internal quotation marks omitted]). Here, the People met their burden of establishing by a preponderance of the evidence that defendant violated conditions of his probation (see CPL 410.70 [3]; People v Travis, 156 AD3d 1399, 1399 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]). The evidence included the testimony of defendant's probation officers and defendant's own testimony, which established the violations (see People v Wiggins, 151 AD3d 1859, 1860 [4th Dept 2017], lv denied 30 NY3d 954 [2017]; People v Pringle, 72 AD3d 1629, 1630 [4th Dept 2010], lv denied 15 NY3d 855 [2010]). Although defendant "offered excuses for his various violations, [the court] was entitled to discredit those excuses and instead . . . credit the testimony of the People's witnesses" (People v Donohue, 64 AD3d 1187, 1188 [4th Dept 2009]).
We also reject defendant's contention that he was denied effective assistance of counsel. Contrary to defendant's contention, "it is apparent from [defense counsel's] thorough cross-examination of prosecution witnesses and his overall performance that [he] had adequately prepared for [the hearing]" (People v Washington, 122 AD3d 1406, 1406 [4th Dept 2014], lv denied 25 NY3d 1173 [2015] [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court