People v Selby (2022 NY Slip Op 06722)

People v Selby

2022 NY Slip Op 06722

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2018-04563
 (Ind. No. 9018/16)

[*1]The People of the State of New York, respondent,
v
Gregory Selby, appellant.

Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel; Mallory Phelps on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered December 5, 2017, convicting him of course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In 2017, the defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree and was sentenced to a 10-year period of probation. The sentence of probation included certain additional conditions of probation for sex offenders, one of which required the defendant to "[r]efrain from contact with any other sex offender(s) except during treatment sessions, or unless prior approval is granted by the Department of Probation." On appeal, the defendant contends that this condition of probation is unconstitutionally vague and overbroad since it operates as a strict-liability provision, potentially subjecting him to a finding that he has violated the terms of his probation based on an incidental contact with a person he did not know to be a sex offender.
"Due process requires that the conditions of supervised release be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly" (United States v Simmons , 343 F3d 72, 81 [2d Cir] [internal quotation marks omitted]; see United States v Guagliardo , 278 F3d 868, 872 [9th Cir] ["A probationer . . . has a . . . due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison"]).
Here, contrary to the defendant's contention, the challenged condition adequately advises him of the conduct he is required to avoid, and does not subject him to strict liability (see People v Tucker , 302 AD2d 752, 753; People v Howland , 108 AD2d 1019, 1020). The condition requires the defendant to "refrain" from contact with any other sex offender, which suggests that the defendant is expected to prevent himself from engaging in conduct that would otherwise be purposeful. Moreover, federal courts have construed comparable conditions prohibiting contact with ex-convicts, gang members, or minors to exclude "incidental contacts" (Arciniega v Freeman , 404 US 4, 4; see United States v Green , 618 F3d 120, 123 [2d Cir]; United States v Johnson , 446 F3d [*2]272, 281 [2d Cir]). Employing this "rule of construction" (United States v Johnson , 446 F3d at 281) serves to resolve the constitutional concerns raised by the defendant here (see id. ; United States v Green , 618 F3d at 123-124). Stated differently, provisions prohibiting criminal acts are presumed to contain a mens rea element (see United States v Evans , 883 F3d 1154, 1161 [9th Cir]; United States v Vega , 545 F3d 743, 750 [9th Cir]). Applying that presumption here, we read the challenged condition to prohibit knowing contact with any other sex offender. "Thus construed, the condition does not reach unknowing or incidental contacts, and it is not vague or overbroad" (United States v Evans , 883 F3d at 1161).
Accordingly, the defendant is not entitled to have the challenged condition of his probation stricken or modified.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court