People v Rosavong (2026 NY Slip Op 00096)

People v Rosavong

2026 NY Slip Op 00096

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Ind. No. 72973/23|Appeal No. 5560|Case No. 2024-05031|

[*1]The People of the State of New York, Respondent,
vAnthony Rosavong, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Hornstein, J. on motion to dismiss; Tara A. Collins, J. at plea and sentencing), rendered August 1, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation requiring him to pay a surcharge and fees, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). As an alternative holding, we perceive no basis for reducing the sentence.
Defendant's valid waiver does not foreclose from review his Second Amendment claim, and he has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). However, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]; see e.g. Johnson, 2025 NY Slip Op 06528, at *2).
To the extent that defendant challenges New York's "good moral character" provision (Penal Law § 400.00[1][b]), his arguments are unpreserved because he failed to raise them in his motion to dismiss the indictment (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to entertain them in the interest of justice. As an alternative holding, we find them unavailing (see generally Antonyuk v James, 120 F4th 941, 981 [2d Cir 2024], cert denied — US &mdash, 145 S Ct 1900 [2025]). To the extent the record allows review, because defendant's Bruen claim is unavailing, he was not deprived of the effective assistance of counsel by counsel's failure to challenge the "good moral character" provision (see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant's challenge to certain conditions of his probation as not reasonably related to his rehabilitation survive his valid appeal waiver and do not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]; see also People v Hakes, 32 NY3d 624, 628, n 3 [2018]). However, the condition of defendant's probation (Condition No. 7) requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (based on Penal Law §§ 65.10[2][a], [b]) was providently imposed as reasonably necessary to ensure that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]) given that defendant was found in possession of a loaded pistol with a defaced serial number, and he admitted prior use of alcohol and marijuana, association with "the wrong crowd," and former gang membership (see People v Rivera, 242 AD3d 421 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). For these same reasons, the court providently imposed the two conditions of probation (Conditions Nos. 15 and 23) related to drug or alcohol testing or treatment.
Defendant's valid appeal waiver forecloses review of his constitutional as-applied challenge to Condition No. 7 under the First, Fifth, and Fourteenth Amendments (see Lowndes, 239 AD3d at 575). In any event, this claim is unpreserved, and we decline to review it in the interest of justice (see Cabrera, 41 NY3d at 42-51; Lowndes, 239 AD3d at 575; see generally People v Hanley, 20 NY3d 601, 604 [2013]).
The condition of defendant's probation requiring that he pay the mandatory surcharge and other fees should be stricken as it is not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Wood, 239 AD3d 484, 484-485 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026