People v Castiglione (2026 NY Slip Op 00689)

People v Castiglione

2026 NY Slip Op 00689

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

86 KA 23-00877

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJOSEPH T. CASTIGLIONE, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, SPECIAL PROSECUTOR, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered April 17, 2023. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of driving while ability impaired by drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i] [A]) and was sentenced to a period of probation. Defendant now appeals from a judgment revoking the sentence of probation and sentencing him, upon a determination that he violated the conditions of probation, to an indeterminate term of incarceration.
Contrary to defendant's contention, the People established by a preponderance of the evidence that he violated a condition of his probation (see CPL 410.70 [3]; People v Bailey, 181 AD3d 1243, 1244 [4th Dept 2020]). Although the People did not offer into evidence the terms and conditions of probation, County Court later stated when rendering its determination that it took judicial notice of them (see generally People v Williams, 164 AD3d 845, 845-846 [2d Dept 2018]; People v Hill, 148 AD3d 1469, 1470 [3d Dept 2017], lv denied 29 NY3d 1080 [2017]). Based on the evidence presented at the hearing, the court determined that defendant was aware of those terms and conditions and that he violated them "by absconding and fail[ing] to report to probation as required" (see People v Pruett, 191 AD3d 1423, 1423 [4th Dept 2021], lv denied 36 NY3d 1099 [2021]; Bailey, 181 AD3d at 1244).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court