People v Torres (2026 NY Slip Op 01607)

People v Torres

2026 NY Slip Op 01607

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Ind No. 75493/23|Appeal No. 6126|Case No. 2025-01448|

[*1]The People of the State of New York, Respondent,
vAngelo Torres, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered July 16, 2024, convicting defendant, upon his plea of guilty, of criminal sexual act in the third degree, and sentencing him to a jail term of 6 months, followed by 10 years of probation, unanimously modified, on the law, to the extent of striking the condition of probation prohibiting defendant "from wearing or displaying gang paraphernalia" and "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived his right of appeal, which tracked the Model Colloquy endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). Defendant also executed a detailed written waiver, which reiterated the explanation of the waiver of appeal the court provided during the colloquy (see People v Johnson, 234 AD3d 503, 503 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). "Nothing in the colloquy or written waiver suggested that defendant would forfeit his right to appellate counsel for claims that survived the waiver" (People v Diallo, 242 AD3d 612, 612 [1st Dept 2025] [internal quotation marks omitted]; People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]). Defendant's valid waiver forecloses review of his excessive sentence claim (see Johnson, 234 AD3d at 504). In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver also forecloses review of his constitutional as-applied challenge to conditions 7 and 24 under the First, Fifth, and Fourteenth Amendments (see e.g. People v Rosavong, — AD3d —, 2026 NY Slip Op 00096 [1st Dept 2026]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). To the extent that defendant asserts facial constitutional challenges, they survive his appeal waiver (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant's constitutional challenges are unpreserved (see People v Cabrera, 41 NY3d 35, 42 [2023]), and we decline to review them in the interest of justice (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied, 44 NY3d 1054 [2025]; Lowndes, 239 AD3d at 575; see generally People v Hanley, 20 NY3d 601, 604 [2013]).
Defendant's appeal waiver does not foreclose his challenges to the legality of the conditions of his probation (see Lowndes, 239 AD3d at 575), which also do not require preservation (see People v Alvarez, 233 AD3d 619, 620[1st Dept 2024], lv denied 39 NY3d 1109 2025]). However, we find his challenges to condition 7 and special condition 7 unavailing on the merits. Condition 7, requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (see Penal Law § 65.10[2][a], [b]) was providently imposed as reasonably necessary to ensure that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given that defendant "agreed to abide by sex offender conditions" (People v Quinones, 244 AD3d 602, 603 [1st Dept 2025]), admitted to a decades-long history of daily marijuana use until the day he was incarcerated in this case (see Lowndes, 239 AD3d at 575), and was recommended by the Probation Department to complete a clinical mental health evaluation, educational services, and a sex offender treatment program (see id.).
We also find that special condition 7, requiring defendant to "[c]onsent to a search, conducted by a Probation Officer or a Probation Officer and his or her agent, of his/her person, vehicle, computer, computer files . . . and place of abode (when such place of abode is legally under his/her control), and the seizure of any sexually explicit materials or data found," was providently imposed given the nature of defendant's offense (see e.g. People v Bruno, 244 AD3d 1227, 1229 [2d Dept 2025]; see also People v Wheeler, 99 AD3d 1168, 1170 [4th Dept 2012], lv denied 20 NY3d 989 [2012]).
However, probation condition 24, requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," must be stricken. There is no evidence that defendant's actions were connected to gang activity, or that defendant had a history of gang membership (see People v Sanders, 244 AD3d 601, 602 [1st Dept 2025]). Thus, the condition "was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (id.; see Penal Law § 65.10[1]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026